UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CONRADO B. FIEL, | ) | |
| Petitioner, | ) | 3:11-cv-00277-RCJ-WGC |
| vs. | ) | **ORDER** |
| GREGORY SMITH, *et al.*, | ) | |
| Respondents. | ) | |

Before the court for a decision on the merits is an application for a writ of habeas corpus filed by Conrado B. Fiel, a Nevada prisoner. ECF No. 7.

I. FACTUAL AND PROCEDURAL HISTORY

In August of 2004, petitioner Fiel was convicted, pursuant to a jury verdict, of first degree murder with use of a deadly weapon in the Second Judicial District Court for Nevada. He was sentenced to a life term in prison with the possibility of parole after ten years, plus an equal and consecutive term for the deadly weapon enhancement. The Nevada Supreme Court recounted the evidence and argument presented at trial as follows:

> The evidence shows that Fiel disliked the victim Jesse Lake, and on July 11, 1989, he confronted Lake, accusing him of shooting at Fiel's wife's car several days earlier. Fiel was extremely angry, and after arguing with Lake for several minutes, Fiel walked to his apartment nearby. Minutes later, Fiel, armed with a handgun, returned and engaged Lake in yet another argument. Fiel then shot an unarmed Lake four times

and fled Reno. Fiel was ultimately located in the Phillipines in 2000 and extradited back to the United States for trial. Fiel conceded that he shot Lake, but argued that Lake was a gun-toting drug dealer. Fiel argued that he feared for his family's safety because Lake had fired several shots at his wife's car. Fiel asserted that he was not guilty because the State had failed to prove the killing was unlawful.

ECF No. 22-13, p. 3-4.[1]

Fiel appealed his judgment of conviction to the Nevada Supreme Court. On November 25, 2005, the Nevada Supreme Court issued an order affirming the conviction.

On November 7, 2006, Fiel filed a post-conviction petition for writ of habeas corpus in the state district court. With the assistance of court appointed counsel, Fiel filed a supplemental petition on December 18, 2007. The court held an evidentiary hearing on the petition on August 19, 2009. On September 29, 2009, the state district court denied relief, and entered its findings of fact, conclusions of law, and judgment. Fiel appealed. The Nevada Supreme Court issued its order of affirmance on April 6, 2011.

Fiel initiated this federal habeas proceeding on April 15, 2011.

II. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] References to page numbers in the record are based on CM/ECF pagination.

2

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 131 S.Ct.1388, 1398 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

The state court's "last reasoned decision" is the one subject § 2254(d) review. *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, a federal habeas court may consider both decisions to ascertain the reasoning of the last decision. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). For any habeas claim that has not been adjudicated on the merits by the state court, the federal court reviews the claim *de novo* without the

3

deference usually accorded state courts under 28 U.S.C. § 2254(d)(1).  *Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

   III.  ANALYSIS OF CLAIMS

   **Ground One**

In Ground One, Fiel claims that his conviction and sentence are unconstitutional because he was deprived of his right to testify at trial and because his counsel was ineffective by not calling Fiel as a witness.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel:  a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 688, 694.

Fiel presented Ground One to the Nevada Supreme Court in his state post-conviction proceeding.  ECF No. 25-16, p. 17-20.  The Nevada Supreme Court decided the claim as follows:

> . . . Fiel claims that his counsel was ineffective for failing to have Fiel testify at trial.  Fiel fails to demonstrate that counsel's performance was deficient or that he was prejudiced.  Fiel acknowledged at the evidentiary hearing that he declined to testify because he was scared for his family's safety and further stated that he would not have testified under any circumstances.  Additionally, the district court found him to be an incredible witness and concluded that even if counsel had advised Fiel to testify at trial and Fiel did so, the result would have been the same.  We agree and conclude that the district court did not err in denying this claim.

ECF No. 25-19, p. 3.

With regard to the ineffective assistance of counsel aspect of the claim, the state court applied the correct federal standard; and, there are ample grounds upon which fair-minded jurists could agree with the state court's determinations that either counsel's performance did not fall below an objective standard of reasonableness or that Fiel was not prejudiced by counsel's alleged failure.  In addition, Fiel has not shown that the state court's decision was based on an unreasonable determination of the facts.  The version of events surrounding the shooting recounted in the excerpt above was supported

4

by the trial testimony of numerous witnesses and virtually beyond dispute. Fiel has not shown how his testimony would have impacted the outcome of his trial.

The Nevada Supreme Court did not specifically address the portion of the claim alleging a violation of Fiel's right to testify. A criminal defendant has a fundamental constitutional right to testify in his or her own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49, 51 (1987). Even so, a defendant is "presumed to assent to his attorney's tactical decision not to have him testify . . . . Waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so." *United States v. Pino–Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1999) (quoting *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) (internal quotation marks omitted). A defendant's "silence in the face of his attorney's decision not to call him" waives the right to testify. *Pino–Noriega*, 189 F.3d at 1095 (quoting *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir.1993)) (internal quotation marks omitted). Fiel waived his right to testify by not asserting the right before the jury reached its verdict. *See Pino–Noriega*, 189 F.3d at 1095–1096.

For the foregoing reasons, Ground One is denied.

**Ground Two**

In Ground Two, Fiel alleges that his conviction and sentence are unconstitutional because counsel provided ineffective assistance in failing to adequately investigate and present evidence in support of his self-defense theory. According to Fiel, counsel was aware, prior to trial, that the victim, Lake, had threatened to kill Fiel after first forcing him to watch his wife and children be assaulted, raped, and killed.

Fiel presented Ground Two to the Nevada Supreme Court in his state post-conviction proceeding. ECF No. 25-16, p. 20-23. The Nevada Supreme Court decided the claim as follows:

> . . . Fiel claims that his counsel insufficiently investigated his case, which resulted in (1) counsel's failure to present evidence that he killed the victim in defense of others and (2) counsel's failure to impeach the eyewitness with a felony conviction. Fiel was granted an evidentiary hearing on these claims but presented no supporting evidence beyond his own incredible testimony and that of his family. He therefore failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Accordingly, the district court did not err in rejecting this claim.

ECF No. 25-19, p. 3.

Here again, the state court applied the correct federal standard; and, fair-minded jurists could agree with the state court's determinations that either counsel's performance did not fall below an objective standard of reasonableness or that Fiel was not prejudiced by counsel's alleged failure.

The only evidence of the alleged threats is Fiel's own testimony, which the state district court found incredible. Moreover, the alleged threats, as described by Fiel, would not provide the basis for a successful defense under Nevada law given the circumstances under which Fiel shot Lake. According to Fiel's testimony, Lake made the threats as Fiel was returning to his apartment after emptying his trash. The undisputed evidence presented a trial established that Fiel retrieved a gun from his own apartment, prior to confronting Lake at another apartment in the same complex. None of the witnesses to the shooting noted any aggressive actions by Lake, who was unarmed; and, at least one witness testified that, prior to the shooting, Lake attempted to calm Fiel down.

Under Nevada law, killing in self-defense is justified when the person who does the killing reasonably believes there is an imminent danger that the assailant will either kill him or cause great bodily injury, and that the use of deadly force is absolutely necessary to avoid death or great bodily injury. *Runion v. State*, 13 P.3d 52, 59 (Nev. 2000). No evidence was presented at Fiel's initial trial or in his state post-conviction proceeding that, when he shot Lake, Fiel reasonably believed that Lake presented an imminent danger to himself (Fiel) or others and that the use of force was absolutely necessary under the circumstances to avoid death or great bodily injury to himself or others. As such, the state court's decision as to trial counsel's effectiveness in presenting a case for self-defense was based on a reasonable application of federal law and a reasonable determination of the facts.

Ground Two is denied.

**Ground Three**

In Ground Three, Fiel claims that his conviction and sentence are unconstitutional because counsel provided ineffective assistance in failing to impeach the testimony of two witnesses for the

6

State, Lawana Calhoun and Joey Casasole.² He alleges that counsel should have impeached Calhoun's testimony with evidence of a prior felony conviction and Casasole's testimony with evidence about his participation in the shooting.

Fiel presented Ground Three to the Nevada Supreme Court in his state post-conviction proceeding. ECF No. 25-16, p. 23-27. The Nevada Supreme Court adjudicated the claim as set forth in the excerpt above. As with Grounds One and Two, Fiel has not established that the Nevada Supreme Court's decision on this claim is not entitled to the deference required by § 2254(d).

Calhoun provided the State with eyewitness testimony about the shooting. Though he has not presented supporting evidence, Fiel claims that Calhoun had a prior felony conviction for possession of a controlled substance.³ Even so, it is not likely that evidence of Calhoun's prior conviction (for a relatively minor crime) would not have appreciably undermined the credibility of her testimony. There is no suggestion that Calhoun was under the influence of drugs at the time she witnessed the shooting or that she received any benefit from the State in exchange for her testimony. Moreover, there was ample evidence presented by other witnesses about the events leading up to the shooting and the shooting itself, the consistency of which leaves no reasonable doubt that Fiel is guilty of first degree murder.

The ineffective assistance claim regarding Casasole's testimony was not specifically addressed by the Nevada Supreme Court, perhaps because Fiel's supporting argument consisted of a brief, two-sentence paragraph in his appellate brief. Fiel argues that the record implies that Casasole was not involved in the shooting and that defense counsel should have elicited testimony from Casasole about his role in the shooting.

---

² Though the name is spelled "Casasola" throughout the record, the trial transcript indicates that Casasole spelled his name C-A-S-A-S-O-L-E, when asked to spell his name for the record. ECF No. 20-13, p. 11.

³ The record does make some references to Calhoun having been convicted of drug-related crime. For example, a report from a state investigator mentions Calhoun as being on probation for a "drug conviction." ECF No. 20-6, p. 10.

He does not specify, however, what additional information should have been presented to the jury or how it would have benefitted his defense.  The jury heard testimony from Casasole and other witnesses establishing that Casasole, carrying a pistol, went with Fiel to the apartment where Fiel shot Lake and was standing nearby when the shooting occurred.  The jury also heard testimony that Fiel and Casasole drove to the home of Fiel's friend in Sparks, Nevada, and that the friend gave Fiel and Casasole a ride to Los Angeles.  In the absence of any information that counsel failed to elicit from Casasole that had a reasonable probability of changing the outcome of the trial, this claim fails.

Ground Three is denied.

IV.  CONCLUSION

For the reasons set forth above, Fiel's petition for habeas relief is denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA).  Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id.*

Having reviewed its determinations and rulings in adjudicating Fiel's petition, the court finds that none of them warrant the issuance of a COA.

**IT IS THEREFORE ORDERED** that petition for writ of habeas corpus (ECF No. 7) is DENIED.  The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motions to proceed *in forma pauperis* and for appointment of counsel (ECF Nos. 29 and 30) are DENIED.

Dated:  June 16, 2014.

_____
UNITED STATES DISTRICT JUDGE